IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:12-CR-52-D
No. 7:17-CV-130-D

| | | |
|---|---|---|
| KENNETH HARRIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On June 26, 2017, Keith Harris ("Harris") moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his 120-month sentence [D.E. 150]. On March 29, 2018, the government moved to dismiss Harris's motion [D.E. 155] and filed a supporting memorandum [D.E. 156]. On April 23, 2018, Harris responded in opposition [D.E. 158]. As explained below, the court grants the government's motion to dismiss.

I.

On December 3, 2012, pursuant to a written plea agreement [D.E. 99], Harris pleaded guilty to distribution of a quantity of heroin in violation of 21 U.S.C. § 841(a)(1) (count three) [D.E. 1, 128]. On March 6, 2013, the court calculated Harris's applicable advisory guideline range to be 151 to 188 months. See [D.E. 129] 1. After considering all relevant factors under section 3553(a), the court varied down and sentenced Harris to 120 months' imprisonment. See [D.E. 129] 3–4. Harris did not appeal his conviction or sentence.

In Harris's section 2255 motion, he alleges that he is no longer a career offender under Mathis v. United States, 136 S. Ct. 2243 (2016), and Descamps v. United States, 133 S. Ct. 2276

(2013). See [D.E. 150-1]. The government disagrees and has moved to dismiss Harris's motion for failure to state a claim upon which relief can be granted. See [D.E. 155, 156].

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

Section 2255(f) contains a one-year statute of limitations. Section 2255(f) provides that the one-year clock is triggered by one of four conditions, whichever occurs last:

(1) the date on which the judgment of conviction becomes final;

2

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)–(4); see Johnson v. United States, 544 U.S. 295, 299–300 (2005); Whiteside v. United States, 775 F.3d 180, 182–83 (4th Cir. 2014) (en banc). A defendant must file a criminal appeal within fourteen days after the court enters judgment of conviction. See Fed. R. App. P. 4(b)(1)(A)(i). If a defendant does not appeal his judgment, a conviction becomes final for purposes of section 2255's statute of limitations when the fourteen-day appeal period expires. See Clay v. United States, 537 U.S. 522, 532 (2003). But cf. United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001) (holding that a conviction becomes final for purposes of section 2255's statute of limitations on the date judgment is entered if a defendant fails to file a direct appeal).

On March 12, 2013, the court entered Harris's judgment of conviction. See [D.E. 128]. Under Clay, his judgment became final on March 26, 2013, and his period within which to file a section 2255 motion ended on March 26, 2014. See, e.g., Clay, 537 U.S. at 532. Harris, however, did not file his section 2255 motion until June 26, 2017 [D.E. 150]. Thus, Harris's section 2255 motion is untimely under section 2255(f). Furthermore, Harris has not plausibly alleged that any governmental action prevented him from filing a timely motion, that his motion is based on a right newly recognized by the Supreme Court, or that his motion is based on facts that could not have been discovered earlier through the exercise of due diligence. Accordingly, Harris's section 2255 motion is untimely under section 2255(f).

3

Alternatively, Harris's plea agreement contains an appellate waiver. See [D.E. 99] ¶ 2(c). In the waiver, Harris agreed

> [t]o waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea. The foregoing appeal waiver does not constitute or trigger a waiver by the United States of any of its rights to appeal provided by law.

Id. In light of Harris's Rule 11 proceeding, the appellate waiver is enforceable. See United States v. Copeland, 707 F.3d 522, 528–30 (4th Cir. 2013); United States v. Davis, 689 F.3d 349, 354–55 (4th Cir. 2012) (per curiam); United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012); United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). Harris's claims fall within the appellate waiver. Accordingly, the waiver bars his claim concerning the calculation of the advisory Guideline range.

Alternatively, Harris procedurally defaulted this claim by failing to raise it on direct appeal. Thus, the general rule of procedural default bars Harris from presenting this claim under section 2255. See, e.g., Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). Moreover, Harris has not plausibly alleged "actual innocence" or "cause and prejudice" resulting from the alleged error about which he now complains. See Bousley, 523 U.S. at 622–24; Coleman v. Thompson, 501 U.S. 722, 753 (1991); United States v. Frady, 456 U.S. 152, 170 (1982); United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); Sanders, 247 F.3d at 144; United States v. Mikalajunas, 186 F.3d 490, 492–95 (1999). Thus, the claim fails.

4

After reviewing the claim presented in Harris's motion, the court finds that reasonable jurists would not find the court's treatment of Harris's claims debatable or wrong and that the claim does not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 155], DISMISSES Harris's section 2255 motion [D.E. 150], and DENIES a certificate of appealability.

SO ORDERED. This **29** day of January 2019.

JAMES C. DEVER III
United States District Judge

5